**In the Matter of Jayne FREDERICKSON.**

**No. C8–85–1514.**

Court of Appeals of Minnesota.

Certification Oct. 31, 1985.

Nov. 12, 1985.

Thomas L. Johnson, Hennepin Co. Atty., John R. Owen, Asst. Co. Atty., Minneapolis, for respondent.

Patrick W. Kelly, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and LESLIE and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Appellant Frederickson has resided at Faribault State Hospital as a ward of the state since 1968. She was committed as a mentally retarded person on January 16, 1985. A review hearing was held on July 23, 1985. Appellant argued indeterminate commitment is unconstitutional and moved for dismissal or appointment of a guardian ad litem. The trial court denied appellant's motions and ordered commitment for an indeterminate period. This appeal followed.

## FACTS

Jayne Frederickson is 29 years old and profoundly retarded. Although a precise measurement of her intelligence is difficult, Frederickson's behavioral age has been tested at nine to 10 months. Her ability to express herself is estimated at less than the level of a six month old. She requires constant care and supervision.

Following initial commitment in January, an annual program review was conducted on March 7, 1985. A report to the court dated March 12 was signed by the medical director of Faribault State Hospital and by senior social worker Linda Van Lear. An additional report, dated April 3, was signed by senior social worker Linda Flint, who testified at the review hearing. A final report, submitted July 8, discussed the results of appellant's annual program review.

The reports discussed appellant's diagnosis, the tests which led to the diagnosis, the treatment goals and methods adopted to improve appellant's behavior, and appellant's future needs. The hospital reported Frederickson could only be discharged to a facility with staff, programming and supervision similar to that available at the state hospital. No possibilities for alternative placement in the community existed at the time of the review hearing.

A second examiner, Richard Amado, reported Frederickson is profoundly retarded, cannot care for herself, and poses a danger by her self-injurious behavior. Amado questioned the adequacy of treatment at Faribault, although he did not recommend a specific alternative placement.

## ISSUES

1. Did the trial court err by denying appellant's motion to dismiss for failure to

file a sufficient six-month treatment report?

2. Did the trial court err by denying appellant's request for appointment of guardian ad litem?

3. Is indeterminate commitment constitutional?

## ANALYSIS

■ 1. Before the six month review hearing, the treating facility must file a report, setting forth the patient's diagnosis, anticipated discharge date, and treatment plan, together with supporting data. Minn.Stat. § 253B.12, subd. 1 (1984). If a written report is not timely filed or the report describes the patient as not in need of further institutionalization, the commitment proceedings must be terminated and the patient discharged. *Id.* subd. 2.

Appellant argues the reports filed by Faribault State Hospital lacked "the anticipated discharge date," "a detailed description of the discharge planning process with suggested after care plan," and failed to set forth "whether any further care and treatment must be provided in a treatment facility with evidence to support the response." *Id.* subd. 1. In fact, the reports indicate discharge planning is continuing, but Frederickson cannot be discharged until her behavior improves (which will require years of intensive programming) and an appropriate facility has an opening. Social worker Flint testified no community facility will currently accept Frederickson. In the meantime, the reports recommended continued commitment to Faribault State Hospital, since Frederickson cannot care for herself and requires programming and constant supervision. The reports satisfied the statutory requirements and the trial court properly denied appellant's motion to dismiss.

■ 2. Appellant sought appointment of a guardian ad litem. Guardians are not ordinarily appointed in commitment proceedings, "unless the interests of justice so require." Minn.R.Civ. Commitment 13.01. Appellant argued due process required ap-

pointment of a guardian ad litem to monitor annual reports and evaluate the best interests of the patient. However, patient treatment and placement are already monitored by the treating facility and county case management personnel. Patient advocates at the state hospitals assist patients in securing the rights guaranteed by statute and regulation. Counsel is appointed upon the filing of a commitment petition, and "shall continue to represent (the patient) in all proceedings ... unless and until permitted to withdraw by the court." Minn.R.Civ. Commitment 4.02. Appellant's counsel failed to explain how appointment of a guardian ad litem will afford further protection to the patient.

"The commitment process is not the forum in which to enforce rights to case management and discharge planning for community placement." *In Re Cieminski,* 374 N.W.2d 289, 292 (Minn.Ct.App.1985). Appellant failed to establish the interests of justice required appointment of a guardian ad litem and the trial court, within its discretion, properly denied the request.

■ 3. Appellant challenges the constitutionality of indeterminate commitment of mentally retarded patients. *See* Minn.Stat. § 253B.13, subd. 2. We recently found that statute constitutional and certified the issue to the supreme court, so we decline to address appellant's argument anew at this time. *See In Re Harhut,* 374 N.W.2d 798 (Minn.Ct.App.1985).

## DECISION

The reports filed by the state hospital complied with Minn.Stat. § 253B.12, and the trial court properly refused to dismiss the commitment proceedings. The trial court, within its discretion, properly refused to appoint a guardian ad litem.

The constitutional issue raised by appellant is currently before the supreme court in *In Re Harhut,* and we request the supreme court consider this case in connection with it. Accordingly, we certify this appeal to the Minnesota Supreme Court

pursuant to Minn.Stat. § 480A.10 (1984) and Minn.R.Civ.App.P. 118.

Affirmed and certified.

## CERTIFICATION AND REQUEST

WHEREAS, the above-entitled appeal is now pending in this court; and

WHEREAS, this court has determined that certification of the matter to the supreme court for accelerated review pursuant to Minn.R.Civ.App.P. 118, subd. 3, and Minn.Stat. § 480A.10, subd. 2(b) (1984) is appropriate for the following reasons:

(1) The question whether Minn.Stat. § 253B.13, subd. 2 (1984), which provides for indeterminate commitment, is unconstitutional is an important one upon which the supreme court has not, but should, rule.

(2) We recently certified *In Re Harhut*, 374 N.W.2d 798 (Minn.Ct.App.1985) to the supreme court involving the same issue.

(3) For the reasons and analysis contained in the attached opinion.

IT IS HEREBY REQUESTED that the supreme court approve the certification of this matter. Counsel for any party may file a response to this request with the Supreme Court Commissioner, 322 State Capitol, St. Paul, MN 55155 within ten days of the date of this document.